GAISOA, et al., Plaintiffs

v.

TIUMALU, et al., Defendants

No. 5-1909

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Poata", "Saumaleato", "Matamalu" and "Filoa"
in Fagatogo]

August 9, 1910

---

H. M. T. PEARCE, Chaplain, U.S.N., *Senior Member;*
J. L. DWYER, *Associate Member;* and MAUGA, *Associate Member*

DECISION

In this case plaintiffs claimed to be the owners of four pieces of land situate in the village of Fagatogo, viz., Poata, Saumaleato, Matamalu and Filoa, complained that they were ordered off the lands by defendants, and asserted that defendants had no right to the lands whatsoever.

At the beginning of this trial, defendants offered in evidence the decision and decree of the High Court in the case of *Tiumalu v. Fuimaono,* 1 A.S.R. 17 (1901) (evidently the first case entered in this Court), showing that the ownership of all of the lands in dispute had been passed upon shortly after the establishment of this Government. The last paragraph of the decision reads:—

"The Court is satisfied after consideration of the premises that Tiumalu is the owner of the land Poata, Saumaleato, Fualalo, Aga, Malaloa and Filoa and is entitled to possession of said lands as prayed for and which lands were mutually agreed by the parties to be included in the Decree of the Court. Judgment is entered up for Tiumalu in terms of the foregoing."

Upon the introduction of this decision plaintiffs then charged that the names of the above lands were fraudulently included in the issue by Tiumalu Faigata (deceased) holder of the name Tiumalu at the time of the trial.

The testimony offered by plaintiffs failed to bear out this contention. The records of the Court show that the lands were mentioned repeatedly in the trial, and the testimony of Fuimaono (one of the unsuccessful defendants in the previous trial) was especially untrustworthy, as he was the only witness for plaintiffs who was present at the reading of the above decision, and in this case he testified that he did not know that the case in which he was interested involved lands other than "Lotomua".

In this world of uncertainty the gradual progress of civilization tends to eliminate uncertainties, and one of the blessings of civilization is stability of land titles. A landowner, holding an unqualified decree of a competent court setting forth that after a proper trial he was awarded title to the land, will not be disturbed in his possession after a lapse of many years, unless extraordinary circumstances are shown justifying exceptional action by another Court. Let it be understood that when the High Court issues a decree, this document means exactly what it says.

Whatever rights of possession or cultivation the ancestors of Gaisoa may have had on the lands in dispute, these rights were entirely extinguished by the possession and assertion of title by Tiumalu and the confirmation of Tiumalu's title by formal decree of the High Court.

Forasmuch, therefore, as plaintiffs have failed to pro-

duce evidence substantiating their charges of fraud, their complaint is DISMISSED.

Costs of Court have been assessed in the sum of Twenty Dollars to be paid by plaintiffs.